## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **AMY KAY LOWERY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:12-CV-02103-CL |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **CAROLYN L. COLVIN,** | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

George Wall, 1336 E. Burnside Street, Suite 103, Portland, Oregon 97214. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; John C. Lamont, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**MARK D. CLARKE, Magistrate Judge**.

Plaintiff Amy Lowery ("plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her application

for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. This court

has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence, the decision should be AFFIRMED.

## BACKGROUND

Born in 1976, plaintiff was 33 years old on the alleged disability onset date of February 28, 2010. Tr. 167, 190. Plaintiff attended school through the eleventh grade and speaks English. Tr. 43, 196. She has past work experience as a home attendant, a nursing assistant, and a material handler. Tr. 72-73, 196-97.

Plaintiff filed an application for DIB in June, 2005, alleging disability due attention deficit/hyperactivity disorder ("ADHD"), fibromyalgia, headaches, sleep apnea, spine problems, and memory problems. Tr. 195. The Commissioner denied plaintiff's application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 107, 114, 117. After an administrative hearing the ALJ issued a decision finding plaintiff not to be disabled. Tr. 12-21, 35-78. Plaintiff's subsequent request for review was denied by the Appeals Council, making the ALJ's decision the final Agency decision. Tr. 1; 20 C.F.R. §§ 416.1481, 422.210 (2012). Plaintiff now seeks judicial review of that decision.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§ 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20

C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R.
      § 404.1520(a)(4)(i). This activity is work involving significant mental or
      physical duties done or intended to be done for pay or profit. 20 C.F.R.
      § 404.1510. If the claimant is performing such work, she is not disabled
      within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the
      claimant is not performing substantial gainful activity, the analysis
      proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's
      regulations? 20 C.F.R. § 404.1520(a)(4)(ii). Unless expected to result in
      death, an impairment is "severe" if it significantly limits the claimant's
      physical or mental ability to do basic work activities. 20 C.F.R.
      § 404.1521(a). This impairment must have lasted or must be expected to
      last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If
      the claimant does not have a severe impairment, the analysis ends. 20
      C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the
      analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the
      impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
      then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the
      impairment does not meet or equal one or more of the listed impairments,
      the analysis proceeds beyond step three. At that point, the ALJ must
      evaluate medical and other relevant evidence to assess and determine the
      claimant's "residual functional capacity" ("RFC"). This is an assessment
      of work-related activities that the claimant may still perform on a regular
      and continuing basis, despite any limitations imposed by his or her
      impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c). After the ALJ
      determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC
      assessment? If so, then the claimant is not disabled. 20 C.F.R.
      § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past
      relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience,
      is the claimant able to make an adjustment to other work that exists in
      significant numbers in the national economy? If so, then the claimant is

not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett,* 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, she found that plaintiff had not engaged in substantial gainful activity after the alleged onset date. Tr. 14. At step two, the ALJ found plaintiff's fibromyalgia, obesity, and somatoform disorder to be severe impairments. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 16.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that plaintiff could perform medium work in coordination with others, subject to the following limitations: she could perform only simple, routine tasks; she could have no more than minimal contact with the general public; she should avoid exposure to wetness, humidity, and hazards;

Page 4 – REPORT AND RECOMMENDATION

and she should refrain from operating motor vehicles or machinery. Tr. 16. At step four, the

ALJ found plaintiff capable of performing her past relevant work as a production assembler. Tr.

20. At step five, the ALJ found in the alternative that plaintiff retains the RFC to perform jobs

existing in significant numbers in the national economy, including assembler and cloth folder.

The ALJ therefore concluded that plaintiff is not disabled. Tr. 20-21.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means

"more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r,* 554 F.3d 1219,

1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Id.*

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this court may not substitute its judgment

for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However,

a reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th

Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation

marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground

upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## ANALYSIS

Plaintiff challenges the ALJ's decision, claiming that she erred by: (1) failing to find her depression was "severe" at step two, (2) improperly evaluating the medical evidence, and (3) improperly evaluating the lay evidence. The Court finds that the ALJ's conclusions were free of legal error and supported by substantial evidence in the record, and should therefore be affirmed.

**Step Two Findings**

Plaintiff argues that the ALJ erred at step two of the sequential evaluation because she failed to find plaintiff's depression to be a severe impairment. At step two, the claimant must present evidence of at least one impairment that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c) (defining "severe impairment"); *Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1998). Where the claimant presents evidence of only "a slight abnormality that has no more than a minimal effect on an individual's ability to work," the ALJ may find the claimant not disabled at step two without further analysis. *Webb v. Barnhart,* 433 F.3d 683, 686 (9th Cir. 2005) (quoting SSR 96-3p (1996)). In the Ninth Circuit, excluding a diagnosis from the list of severe impairments at step two is significant only if the impairment caused additional functional limitations not accounted for in the RFC assessment. *Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) (any error in ALJ's failure to consider an impairment at step two was harmless because the ALJ discussed the limitations related to that impairment at step four).

The record contains evidence that plaintiff suffered from anxiety, anger, and depression. For example, examining psychologist Christopher Tongue, Ph.D., opined that plaintiff's

performance on a diagnostic assessment indicated "significant depressive experience." Tr. 428.

Plaintiff was also assessed with a cognitive disorder and mood disorder on March 9, 2010. Tr.

278. The record also reflects that plaintiff was considering suicide in January of 2012; at that

time, she was again assessed with mood disorder, NOS. Tr. 876.

The ALJ resolved step two in plaintiff's favor. She acknowledged that the record

"indicates that [plaintiff] has a history of depression, anxiety, and Attention-

Deficit/Hyperactivity Disorder," but found plaintiff's depression was not severe, reasoning that

plaintiff "has not received any mental health treatment for a long time." Tr. 14, 19. Plaintiff

contests this finding, pointing to several instances in the record indicating that plaintiff continued

to suffer from depression in the recent past. However, plaintiff does not refute the ALJ's finding

that, while plaintiff seemed to suffer from some mental impairment, her history of treatment was

infrequent. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative

treatment is sufficient to discount evidence regarding the severity of a claimant's impairment).

Even assuming that the ALJ erred in omitting plaintiff's depression from the list of severe

impairments at step two, any error in the ALJ's assessment of the medical record was harmless

because the ALJ considered the functional impact of plaintiff's mental limitations when

formulating the RFC. Tr. 16; *Lewis*, 498 F.3d at 911. For example, the ALJ considered

plaintiff's limitations in social functioning and in maintaining concentration, persistence, and

pace, and accordingly limited her to performance of simple, routine tasks and minimal contact

with the general public. Tr. 16, 18-20. Because the ALJ resolved step two in plaintiff's favor

and considered all credible limitations in the record associated with plaintiff's mental

impairments when formulating the RFC, his step two finding was not error. *Lewis,* 498 F.3d at

911.

**Medical Evidence**

Plaintiff next argues that the ALJ erroneously rejected the opinion of examining

psychologists Dr. Tongue and Donna Wicher, M.D.  The ALJ is responsible for resolving

conflicts in the medical record, including conflicts among physicians' opinions.  *Carmickle v.*

*Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).  The Ninth Circuit distinguishes between the

opinions of three types of physicians:  treating physicians, examining physicians, and non-

examining physicians.  The opinions of treating physicians are generally accorded greater weight

than the opinions of non-treating physicians.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

A treating doctor's opinion that is not contradicted by the opinion of another physician can be

rejected only for "clear and convincing" reasons.  *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th

Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ

must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion.

*Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  In addition, the ALJ generally must

accord greater weight to the opinion of an examining physician than that of a non-examining

physician.  *Lester*, 81 F.3d at 830.  As is the case with the opinion of a treating physician, the

ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an

examining physician.  *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990).  If the opinion of an

examining physician is contradicted by another physician's opinion, the ALJ must provide

"specific, legitimate reasons" for discrediting the examining physician's opinion.  *Lester*, 81 F.3d

at 830.  Specific, legitimate reasons for rejecting a physician's opinion may include its reliance

on a claimant's discredited subjective complaints, inconsistency with medical records,

inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040-41 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042.

Dr. Tongue examined plaintiff in February of 2010. Tr. 256-61. He conducted a clinical interview, reviewed plaintiff's medical records, and administered a variety of psychological tests. Tr. 256. While he did not observe any behavioral abnormalities, Dr. Tongue opined that plaintiff would not have the concentration, persistence or pace to return to her past work as a home attendant. Tr. 258, 260. He stated that plaintiff's "level of impairment does suggest that she may well find it necessary to be placed on disability until some solutions can be found for her current symptoms." Tr. 260.

The ALJ gave "some weight" to Dr. Tongue's opinion, but rejected it to the extent that it suggested plaintiff is disabled. Tr. 18. Instead, the ALJ gave "great weight" to Dr. Wicher, who examined plaintiff in August of 2010. Tr. 538. Dr. Wicher reviewed Dr. Tongue's statements and opined that his conclusions regarding plaintiff's mental limitations were "very uncommon under the circumstances." Tr. 541. By contrast, she assessed only "mild to moderate deficits" in plaintiff's activities of daily living, social functioning, and concentration, persistence, and pace. Tr. 542. Because Dr. Wicher's opinion contradicted Dr. Tongue's suggestion that plaintiff is disabled, and the ALJ was required to provide specific, legitimate reasons for rejecting it. *Lester*, 81 F.3d at 830.

The ALJ provided legally sufficient reasons for rejected Dr. Tongue's opinion. First, he took into account plaintiff's poor credibility and the fact that Dr. Tongue's evaluation relied on plaintiff's subjective reports. *See, e.g.*, Tr. 260 (treatment note from Dr. Tongue stating that plaintiff "reportedly has developed a number of physical and cognitive symptoms"); *Turner v. Comm'r*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (reliance on a discredited claimant's subjective

symptom testimony is a specific, legitimate reason for rejecting a medical opinion).  Second, the ALJ considered evidence that plaintiff did not put forth her best effort during physical and psychological examinations, along with limited treatment history and objective testing results indicating plaintiff retained a significant level of functioning.  Tr. 17-20; *Tonapetyan v. Halter*, 42 F.3d 1144, 1149 (9th Cir. 2001) (ALJ provided specific, legitimate reasons for rejecting a medical opinion when he noted a lack of objective findings supporting the existence of the alleged conditions and the examiner's reliance on claimant's subjective complaints); *Parra*, 481 F.3d at 751.  Third, the ALJ determined that Dr. Tongue's opinion that plaintiff "may well find it necessary to be placed on disability" was not sufficiently specific to impose any credible functional limitations.  Tr. 18; *Bray*, 554 F.3d at 1228 (the ALJ "need not accept the opinion of any physician … if that opinion is brief, conclusory, and inadequately supported by clinical findings").  On this record, the court finds that the ALJ provided specific, legitimate reasons for rejecting Dr. Tongue's conclusion as to plaintiff's disability.  *Tommasetti*, 533 F.3d at 1040; *Andrews*, 53 F.3d at 1042.

While the ALJ rejected the portions of Dr. Tongue's opinion that did not specifically identify functional limitations, he credited Dr. Tongue's limitations on plaintiff's concentration, persistence, and pace that prevented her from returning to work as a caregiver.  Tr. 18.  In sum, the ALJ properly rejected, and properly credited, portions of Dr. Tongue's opinion.  *See Turner*, 613 F.3d at 1222-23 (9th Cir. 2010) (an ALJ need not credit limitations that a medical source did not identify).

Plaintiff also argues that the ALJ was required to recontact Drs. Tongue and Wicher regarding their opinions as to plaintiff's RFC.  The court rejects this argument.  The ALJ is required to develop the record by recontacting a medical provider only when "the record is

inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The ALJ is not, however, required to obtain evidence to disprove a claimant's allegations. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (noting claimant bears the burden of proving disability and rejecting the argument that medical sources should be recontacted before their opinions are rejected); *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) ("an ALJ is not required to disprove every possible impairment"). Here, the ALJ reached a reasonable conclusion regarding plaintiff's disability based on the record; she was not required to develop the record further to rule out alternative interpretations of the evidence. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("if evidence exists to support more than one rational interpretation [of the available evidence], we must defer to the Commissioner' decision"). The ALJ's reading of the record is rational, and should therefore be upheld.[1] *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (the ALJ's reasonable decision must be upheld even if the evidence "is susceptible to more than one rational interpretation"); *see also Sample*, 694 F.2d at 642.

Finally, plaintiff argues that the ALJ improperly failed to consider evidence of the side-effects caused by her anti-hive medications. Pl.'s Op. Mem, 11. The court also rejects this argument. The ALJ considered plaintiff's side effects and the treatment notes of her treating physician, Anthony Montanaro. Tr. 14. Dr. Montanaro opined that plaintiff's medications are "performance impairing," explaining that plaintiff "should not operate motor vehicles or machinery while on these medications for her safety and others['] safety." Tr. 873. The ALJ

---

[1] Plaintiff also objects to the form of the opinions rendered by Drs. Tongue and Wicher. Pl.'s Op. Mem, 10. Specifically, she alleges that the ALJ's failure to request that each doctor complete an RFC assessment. *Id.* The court also rejects this argument. The regulations do not require that a medical opinion be presented in any particular form. 20 C.F.R. § 404.1521. Moreover, any further error in the ALJ's rejection of Dr. Tongue's opinion is immaterial because the ALJ provided legally sufficient reasons supporting her conclusion. *Carmickle*, 533 F.3d at 1162.

properly incorporated plaintiff's medication-related limitation into the RFC by limiting her to a subset of the range of medium work; specifically, she stated that plaintiff should avoid hazards such as dangerous machinery. Tr. 14, 16. Thus, the court can find no error in the ALJ's treatment of plaintiff's side-effects.[2] The ALJ's overall assessment of the medical evidence was supported by substantial evidence and should be affirmed.

## Lay Opinion Evidence

Plaintiff argues, finally, that the ALJ erred by rejecting the lay opinion of plaintiff's mother, Christine Bonin. An ALJ must consider lay witness testimony used to show the severity of an impairment or how it affects the claimant's ability to work, but may disregard it by doing so expressly and giving reasons germane to each witness. 20 C.F.R. § 404.1513(d)(4); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). An ALJ need not discuss every witness's testimony, and "if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citing *Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009)).

Ms. Bonin submitted two Third Party Statements to the ALJ indicating limitations in all aspects of plaintiff's functioning. Tr. 19, 211-18, 249-50. She alleged that plaintiff is unable to walk more than fifteen or twenty feet before stopping; that she requires assistance dressing and walking due to balance problems; and that she has grip problems that cause her to drop things and prevent her from using a water faucet. Tr. 212, 216, 249-50.

The ALJ did not give full weight to Ms. Bonin's lay opinion because it was contradicted by medical evidence in the record. Tr. 19-20. Direct conflict with the medical evidence of

---

[2] Plaintiff also relies on Christine Bonin's lay opinion regarding side-effects. As discussed below, the ALJ properly rejected Ms. Bonin's opinion and therefore the court need not consider it in this context.

record is an appropriate reason to reject lay testimony. *Lewis*, 236 F.3d at 511. For example, Dr. Ryan Vancura, M.D., examined plaintiff in September of 2010 and opined that she was able to move independently. Tr. 545-50. Dr. Vancura observed no limitations in either gross or fine motor skills, and determined that plaintiff retained full strength in her arms and legs. *Id.* Based on his examination, Dr. Vancura concluded that plaintiff has no limitations in standing, walking, or sitting. Tr. 550. While plaintiff argues that Dr. Vancura's opinion does not conflict with Ms. Bonin's testimony, the ALJ found otherwise. Tr. 20. Plaintiff's alternative interpretation of the evidence is thus insignificant because the Commissioner provided a rational reading of the record. *See Burch*, 400 F.3d at 679 (this court may not substitute its judgment for that of the Commissioner when the ALJ's decision is based on a rational interpretation of the evidence). On this record, the ALJ gave germane reasons for rejecting Ms. Bonin's lay testimony.[3] *Lewis*, 236 F.3d at 511. The ALJ's rejection of Ms. Bonin's lay opinion should be affirmed.

## RECOMMENDATION

The ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence. That decision should therefore be AFFIRMED.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections.** *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within

---

[3] While plaintiff attacks other reasons provided by the ALJ for rejecting Ms. Bonin's opinion, the court need not consider those arguments because the ALJ's decision is supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162.

Page 13 – REPORT AND RECOMMENDATION

the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951

F.2d 1153 (9th Cir. 1991).

DATED this ___10___ day of December, 2013.

_____
Mark D. Clarke

United States Magistrate Judge